# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JBRICK, LLC, a Florida Limited Liability Company )<br><br>    Plaintiff/Counterclaim Defendant, )<br><br>v. )<br><br>CHAZAK KINDER INC., a New York Corporation, CHAZAK DISTRIBUTION, INC., a New York Corporation, TOYS 2 DISCOVER, INC., a New York Corporation, YAACOV SCHWARTZ, an individual and MARAV USA, LLC, D/B/A BINGO WHOLESALE, a New York Limited Liability Company, )<br><br>    Defendants/Counterclaim Plaintiffs. | Civil Action No. 1:21-cv-02883-HG-RLM<br><br>Judge: Honorable Hector Gonzalez<br><br>**Jury Trial Demanded** |

## DEFENDANTS' RESPONSES TO JBRICK, LLC'S STATEMENT OF FACTS

## THE PLEADINGS AND THE PARTIES[1]

1.    On February 21, 2021, Defendant Chazak Kinder Inc. filed a Complaint in Case No. 1:21-cv-00817 in the Northern District of Illinois against JBrick, seeking a Declaratory Judgment of Invalidity of Plaintiff's copyrights, a declaratory judgment of noninfringement on Plaintiff's copyrights and asserting claims for tortious interference with prospective economic advantage and trade libel. (Exhibit 1, Complaint from 1:21-cv-00817, NDIL).

**Response**: Undisputed for the purposes of summary judgement.

2.    Shortly after Greenberg Traurig LLP entered an appearance on behalf of

---

[1] Defendants have included the headings contained in JBrick, LLC's ("JBrick's") Rule 56.1 Statement of Facts ("SOF"), solely for ease of reference.  While Defendants do not believe the headings constitute statements of fact, they deny any assertions of fact raised or purportedly raised in the headings.

JBrick in that action, on April 19, 2021, Defendant Chazak Kinder Inc. dismissed Case No. 1:21-cv-00817 without prejudice. (Exhibit 2, Voluntary Dismissal).

> **Response**:  Disputed, in part.  Chazak Kinder, Inc. dismissed Case No. 1:21-cv-00817 without prejudice.  Whether or not Chazak Kinder's voluntary dismissal of Case No:1-21-cv-00817 was "shortly" after Greenberg Traurig LLP entered an appearance on behalf of JBrick in that action is not supported by the citations identified by JBrick, is not a statement of material fact, and is irrelevant.

3.      On May 21, 2021, JBrick filed its Complaint for copyright infringement under 17 U.S.C. § 101, *et eq.* and unfair competition under the laws of the State of New York against Defendants Chazak Kinder Inc., Chazak Distribution, Inc. and Yaacov Schwartz. (Dkt. No. 1).

> **Response**: Undisputed for the purposes of summary judgement.

4.      On July 23, 2021, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint, along with Counterclaims alleging non-infringement of copyright, copyright invalidity, tortious interference with prospective economic advantage, and unfair competition and false advertising under 15 U.S.C. § 1125. (Dkt. No. 16).

> **Response**: Undisputed for the purposes of summary judgement.

5.      On December 23, 2021, Plaintiff filed its First Amended Complaint adding Marav USA, LLC d/b/a Bingo Wholesale ("Bingo") as a Defendant in this case. (Dkt. No.

33).

  **Response**: Undisputed for the purposes of summary judgement.

  6.  On April 25, 2022, Plaintiff filed its Second Amended Complaint adding additional claims against Defendants. (Dkt. No. 46).

  **Response**: Undisputed for the purposes of summary judgement.

**PLAINTIFF'S COPYRIGHT OWNERSHIP**

  7.  JBrick owns U.S. Copyright Registration No. VA 2-244-466 for its original sculpture of its Holy Temple. (Dkt. No. 46-1). The title of the work is "Holy Temple," and the work was first published in the United States on November 23, 2017. *Id.*

    **Response**: Disputed, in part. JBrick owns U.S. Copyright Registration No. VA-2-244-466, for a work entitled "Holy Temple," which was purportedly first published in the United States on November 23, 2017, but the work is not an "original sculpture" and the evidence cited does not support that fact as asserted. Defendants object that the statement regarding publication is inadmissible hearsay as it is an out of court statement (Dkt. No. 46-1) being offered for the truth of the matter asserted.

  8.  JBrick owns U.S. Copyright Registration No. VA 2-277-703 for its original photograph of its Holy Temple. (Dkt. No. 46-2.) The title of the work is "Holy Temple," and the work was first published in the United States on November 26, 2017. *Id.*

3

**Response**:  Disputed in part.  Defendants object that the statement regarding publication is inadmissible hearsay as it is an out of court statement (Dkt. No. 46-2) being offered for the truth of the matter asserted.

9.    JBrick created its Holy Temple product based on independent research, using a variety of sources considered as part of the design process, which Mr. Kasowitz combined to yield his "original artistic form." (Exhibit 3, Deposition of Yitzy Kasowitz ("Kasowitz Depo."), 54:15 - 61:8).

**Response**:  For purposes of summary judgment, admitted only in part as to the accuracy of Mr. Kasowitz's testimony.  All else is disputed. JBrick's documents state that the 'Holy Temple' is an accurate portrayal of the actual Holy Temple as described by Rambam (Rabbi Moshe Ben Maimon).  JB000324, 325.

10.    The sources JBrick used as part of the design process for its original interpretation of the Holy Temple include: The Holy Temple Revisited, by Rabbi Libel Reznick, The Beit HaMikdash, by Rabbi Zalmen Menachem Koren, Rambam / Mishneh Torah, by Rabbi Eliyahu Touger, The Temple in Jerusalem, by Rabbi Dov Livanoni, Josephus, Talmud, Mishnah, Torah, A pamphlet from the Lubavitch Rebbes' bookshelves that is believed to be, entitled "Chiburai Rabbainu", and http:www.beishamikdashtopics.com by Yoav Elan. (Exhibit 4, Plaintiff's Responses to Defendant's First Set of Interrogatories, Interrogatory No. 3; Exhibit 3, Kasowitz Depo., 54:15- 61:8) JBrick also consulted various Rabbis regarding specific details, including Rabbi Nachman Wilhelm, Rabbi Pikarski, Rabbi Keller, Rabbi Drori and others. (*Id.*)

**Response**: For purposes of summary judgment, admitted only in part as to the accuracy of Plaintiff's Responses to Defendants' First Set of Interrogatories, Interrogatory No. 3 and Mr. Kasowitz's testimony. All else is disputed.

11.     JBrick's Holy Temple product is a tangible, sculptural interpretation of what JBrick's founder, Mr. Kasowitz, believes the Holy Temple may have looked like in real life, based on the written words and interpretation of the Hebrew scholar and philosopher Maimonides. (Exhibit 3, Kasowitz Depo., 58:16-22).

**Response**: For purposes of summary judgment, admitted only in part as to the accuracy of Mr. Kasowitz's testimony. All else is disputed as speculation and/or not a material fact. Documents state that others had input into the appearance beyond Mr. Kasowitz, including his alleged consultation with various Rabbis regarding specific details, including Rabbi Nachman Wilhelm, Rabbi Pikarski, Rabbi Keller, Rabbi Drori. The instructions state that the Holy Temple is an accurate portrayal of the actual Holy Temple as described by Rambam (Rabbi Moshe Ben Maimon). JB000324, 325.

**FACTS RELATED TO DEFENDANTS' CLAIMS OF ALLEGED COPYRIGHT INVALIDITY**

12.     On December 4, 2021, Plaintiff served its First Set of Requests for Production to Defendants. (Exhibit 5.)

**Response**: Undisputed for the purposes of summary judgment.

13.    Plaintiff's Request for Production No. 37 seeks "All documents that form the basis for or support or refute the assertion in Paragraph 16 of Defendants' Counterclaims (Dkt. 16) that the Chazak Holy Temple Brick Set 'is a model of the Holy Temple as it was believed to have appeared in the times of the Hebrew Bible.'" (Exhibit 5.)

**Response**:   Undisputed for the purposes of summary judgment.

14.    Defendants did not produce any documents in response to Plaintiff's Request for Production No. 37. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 6.)

**Response**:   Disputed, Defendants objected to Request no. 37 on the grounds that such documents are publicly available and the burden of gathering such material is the same for Defendants as it is for Plaintiff and further identified the following:

> (1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the
> Second Temple in Jerusalem (2017);
> (2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012);
> (3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and
> (4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

15.    Plaintiff's Request for Production No. 38 seeks "All documents that form the basis for or support or refute the assertion in Paragraph 22 of Defendants' Counterclaims (Dkt. 16) that the Chazak Holy Temple Brick Set 'fails to exhibit sufficient creativity or originality to be entitled to copyright protection or registration.'" (Exhibit 5.)

**Response**:  Undisputed for the purposes of summary judgment.

16.      Defendants did not produce any documents in response to Plaintiff's Request for Production No. 38. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 8.)

**Response**:  Disputed.  Defendants objected to Request No. 38 on the grounds that such documents are publicly available and the burden of gathering such material is the same for Defendants as it is for Plaintiff and further identified the following:

> (1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the
> Second Temple in Jerusalem (2017);
> (2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012);
> (3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and
> (4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020).  (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

17.      Plaintiff's Request for Production No 39 seeks "All documents that form the basis for or support or refute the assertion in Paragraph 23 of Defendants' Counterclaims (Dkt. 16) that for the Chazak Holy Temple Brick Set, 'the idea of creating model sets of holy sites using LEGO® compatible bricks has merged with the expression of that idea.'" (Exhibit 5.)

**Response**:  Undisputed for the purposes of summary judgment.

18.      Defendants did not produce any documents in response to Plaintiff's Request for Production No. 39. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 10.)

**Response**:  Disputed. Defendants objected to Request No. 39 on the grounds that such

documents are publicly available and the burden of gathering such material is the same

for Defendants as it is for Plaintiff and further identified the following:

> (1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the Second Temple in Jerusalem (2017);
> (2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012);
> (3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and
> (4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

19.    Plaintiff's Request for Production No. 40 seeks "All documents that form the

basis for or support or refute the implied assertion in Defendants' Counterclaims (Dkt. 16)

that no model set of a holy site can be subject to copyright protection, because it would

"'merge with the expression of that idea.'" (Exhibit 5.)

**Response**:   Undisputed for the purposes of summary judgment.

20.    Defendants did not produce any documents in response to Plaintiff's Request

for Production No. 40. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 12)

**Response**:   Disputed.  Defendants identified the following:

> (1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the Second Temple in Jerusalem (2017);
> (2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012);
> (3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and
> (4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

21.    Plaintiff's Request for Production No. 41 seeks "All documents that form the

basis for or support or refute the assertion in Paragraph 25 of Defendants' Counterclaims (Dkt. 16) that the JBrick Holy Temple Set is 'an unoriginal rendition of the Holy Temple,' or that the set would not be copyrightable because it 'is based on known public domain elements.'" (Exhibit 5.)

**Response**:    Undisputed for the purposes of summary judgment.

22.    Defendants did not produce any documents in response to Plaintiff's Request for Production No. 41. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 14.)

**Response**:    Disputed. Defendants objected to Request No. 41 on the grounds that such documents are publicly available and the burden of gathering such material is the same for Defendants as it is for Plaintiff and further identified the following:

> (1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the
> Second Temple in Jerusalem (2017);
> (2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012);
> (3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and
> (4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

23.    Plaintiff's Request for Production No. 42 seeks "All documents that form the basis for or support or refute the assertion in Paragraph 31 of Defendants' Counterclaims (Dkt. 16) that the JBrick Holy Temple Set "'is not a creative, original work at least because it is a rendition of public domain historical interpretations.'" (Exhibit 5.)

**Response**:   Undisputed for the purposes of summary judgment.

24.     Defendants did not produce any documents in response to Plaintiff's Request for Production No. 42. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 16.)

**Response**:   Disputed. Defendants objected to Request No. 42 on the grounds that such documents are publicly available and the burden of gathering such material is the same for Defendants as it is for Plaintiff.

25.     Plaintiff's Request for Production No. 43 seeks "All documents that form the basis for or support or refute the implied assertion in Paragraph 31 of Defendants' Counterclaims (Dkt. 16) that the sculptural work embodied in a finished brickbuilding set cannot be 'creative' or 'original' merely because 'it is a rendition of public domain historical interpretations.'" (Exhibit 5.)

**Response**:   Undisputed for the purposes of summary judgment.

26.     Defendants did not produce any documents in response to Plaintiff's Request for Production No. 43. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 18.)

**Response**:   Disputed.  Defendants objected to Request No. 43 on the grounds that such documents are publicly available and the burden of gathering such material is the same for Defendants as it is for Plaintiff and further identified the following:

(1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the
Second Temple in Jerusalem (2017);
(2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012);
(3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and
(4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

27.    Plaintiff's Request for Production No. 44 seeks "All documents that form the basis for or support or refute the implied assertion in Paragraph 33 of Defendants' Counterclaims (Dkt. 16) that the sculptural work embodied in JBrick Holy Temple Set is 'an interpretation which is in the public domain,' because it is 'a historical rendition of the Holy Temple.'" (Exhibit 5.)

**Response**:    Undisputed for the purposes of summary judgment.

28.    Defendants did not produce any documents in response to Plaintiff's Request for Production No. 44. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 20.)

**Response**:    Disputed.  Defendants identified the following:

(1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the Second Temple in Jerusalem (2017);
(2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012);
(3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and
(4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

29.    On December 4, 2021, Plaintiff served its First Set of Interrogatories to Defendants. (Exhibit 7).

11

**Response**:   Undisputed for the purposes of summary judgment.

30.     Plaintiff's Interrogatory No. 18 asks Defendants to "Identify the complete factual and legal basis for each of Defendants' Affirmative Defenses, including the identification of all persons having relevant knowledge thereof." (Exhibit 7.)

**Response**:   Undisputed for the purposes of summary judgment.

31.     Defendants' Response to Interrogatory No. 18 does not set forth any factual information as to how JBrick's copyright rights are purportedly invalid, and instead says that "Defendants contend and will prove through discovery that Plaintiff's work is not original." (Exhibit 8, Response to Interrogatories).

**Response**:   Disputed.  JBrick misstates and misrepresents Defendants' Response to Interrogatory No. 18, which states as follows:

> ANSWER: Defendants object to this interrogatory to the extent that it asks for material that could be protected by the attorney-client privilege and/or work product immunity; namely legal basis for each affirmative defense. Defendants object that this Interrogatory on the grounds that it is overly broad and not proportional to the needs of the case in seeking a written account of the "complete factual and legal basis" for Defendants' Affirmative Defenses. Subject to and without waiving the foregoing objections, Defendants state as follows: Defendants incorporate the allegations of their Affirmative Defenses. Answering further, as presently advised, Defendants contend and will prove through discovery that Plaintiff's work is not original, because, among other reasons, it is a scale model of a public domain work of which Plaintiff does not own, nor did it create, and Plaintiff did not add its own creative or original elements to the work. Plaintiff did not exhibit any creative expression beyond building a faithful reproduction of a public domain work, and as such, does not meet the threshold of creative expression for copyrighted works. Further, because Plaintiff did not exhibit any creative expression beyond a work in the public

domain, Plaintiff's expression of the goods merge with the idea of depicting the Holy Temple. Finally, because the products depict subject matter in the public domain, namely depictions of the Holy Temple, Defendants were allowed to depict the subject matter as shown in the public domain. Mr. Schwartz has knowledge regarding the factual basis stated in Defendants' Affirmative Defenses.

32.    Defendants did not produce any documents that purport to show what the Holy Temple actually looked like, or what Maimonides (or any other historical figure) believed or knew the Holy Temple actually looked like. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 23.) Defendants have not produced any documents supporting their allegations that Plaintiff's copyrighted works are not original, or do not reflect creative expression sufficient to be protected by copyright. (*Id*.)

**Response**:   Disputed.   Defendants identified the following:

(1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the Second Temple in Jerusalem (2017);
(2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012);
(3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and
(4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

Additionally, Plaintiff's own documents (including JB000324) and admissions confirm that the appearance of the Holy Temple set is not original to Plaintiff, but is instead the product of consultation with various Rabbis regarding specific details, including Rabbi Nachman Wilhelm, Rabbi Pikarski, Rabbi Keller, Rabbi Drori. The instructions state that the Holy Temple is an accurate portrayal of the actual Holy Temple as described by Rambam (Rabbi Moshe Ben Maimon).

33.    Defendants' Response to Interrogatory No. 18 identifies Mr. Schwartz as

having knowledge regarding the factual bases for Defendants' Affirmative Defenses. (Exhibit 8, Response to Interrogatories).

**Response**:   Undisputed for the purposes of summary judgment.

34.    Plaintiff's Interrogatory No. 19 asks Defendants to "Identify the complete factual and legal basis for each of Defendants' Counterclaims, including identification of all persons having relevant knowledge thereof." (Exhibit 7, Interrogatories).

**Response**:   Undisputed for the purposes of summary judgment.

35.    Defendants' Response to Interrogatory No. 19 does not set forth any factual information as to how JBrick's copyright rights are purportedly invalid, and instead states in a conclusory fashion that "Plaintiff's work is unoriginal and not a creative expression sufficient to be protected by copyright." (Exhibit 8, Response to Interrogatories).

**Response**:    Disputed.   Defendants dispute the argument that their response to Interrogatory No. 19 does not "set forth" any factual information or that it instead states anything in a "conclusory fashion."   JBrick further misstates and misrepresents Defendants' Response to Interrogatory No. 19, which states as follows:

> **ANSWER:** Defendants object to this interrogatory to the extent that it asks for material that could be protected by the attorney-client privilege and/or work product immunity; namely legal basis for their counterclaims. Defendants object that this Interrogatory is overly broad and not proportional to the needs of the case in seeking a written account of the "complete factual and legal basis" for Defendants' Counterclaims. Subject to and without waiving the foregoing objections, Defendants state as follows: Defendants incorporate the allegations of their Counterclaim, as well as Defendants' answer to Interrogatory No. 18. Answering further, in connection with the allegations made in their counterclaim, Defendants

contend that Plaintiff's work is unoriginal and not a creative expression sufficient to be protected by copyright. Furthermore, when JBrick's principal contacted three of Chazak Kinder Inc.'s customers, those customers refused to advertise and sell Defendants' product. JBrick's statement that Defendants' product infringes Plaintiff's product is false because Plaintiff's work is unoriginal and not creative. Defendants cannot infringe expressions in the public domain, as discussed above. Having at least three stores cease selling Defendants' product led to Defendants losing potential sales, in addition to damaging the business relationship between the entities. Further, JBrick has advertised that its products are "made in the USA" when in its Amended Complaint, expressly admits that its blocks are made by LEGO, a company without any manufacturing located in the United States. Therefore, JBrick's advertisement is false, misleading and is intended to mislead customers to believing that the products are made in the United States of America, when in fact, they are not. Mr. Schwartz has knowledge regarding the factual basis stated in Defendants' Counterclaim.

36.    Defendants' Response to Interrogatory No. 19 identifies Mr. Schwartz as having knowledge regarding the factual bases for Defendants' Counterclaims. (Exhibit 8, Response to Interrogatories).

**Response**:   Undisputed for the purposes of summary judgment.

37.    Defendants served their Rule 26(A)(1) Disclosures on August 6, 2021. (Exhibit 9.) Those disclosures identified Mr. Schwartz as the person who has the most knowledge of the facts underlying the allegations contained in Defendants' Counterclaims. *Id.*

**Response**:   Disputed.  JBrick misconstrues and misstates the contents of Defendants' Rule 26(a)(1) Disclosures.  Defendants identified Mr. Schwartz as one individual who may have knowledge of the facts underlying the allegations contained in Defendants' Counterclaims, but not as the individual with the "most knowledge" of such fats.

38.    Plaintiff issued a Rule 30(b)(6) Notice of Deposition of Defendant Chazak

Kinder Inc. on March 22, 2022. (Exhibit 10.) The topics included, among other topics, Defendants' bases for their Affirmative Defenses and Counterclaims (Exhibit 10, Topic Nos. 30-51.)

**Response**:    Undisputed for the purposes of summary judgment.

39.    Defendants identified Mr. Schwartz as the corporate designee to testify on behalf of Chazak Kinder Inc. and Chazak Distribution Inc for **all** the topics listed in Plaintiff's Deposition Notice dated May 9, 2022. (Exhibit 11, Deposition of Yaacov Schwartz ("Schwartz Depo."), p. 14.)

**Response**:    Undisputed for the purposes of summary judgment.

40.    Mr. Schwartz confirmed the representations in Defendants' initial disclosures that Mr. Schwartz has knowledge about (i) Defendant's Affirmative Defenses; (ii) the damages that Defendants purportedly incurred as a result of JBrick's alleged false advertising; and (iii) the damages that Defendants purportedly incurred as a result of JBrick's alleged tortious interference. (Exhibit 11, Schwartz Depo., pp. 15-16.)

**Response**:    Undisputed for the purposes of summary judgment.

41.    JBrick has online videos that advertise its Holy Temple product. (Exhibit 11, Schwartz Depo., 86:16-18.)

**Response**:   Undisputed for the purposes of summary judgment.


42.     Defendants contend that the design of JBrick's Holy Temple product "is in the public domain because the design that Mr. Kasowitz created reflects nothing more than exactly what existed back in Jerusalem before the Temple was destroyed." (Exhibit 11, Schwartz Depo., 177:15-20).


**Response**:   Undisputed for the purposes of summary judgment.


43.     Defendants understand that they have the burden to come forward with evidence that shows what the Holy Temple looked like before it was destroyed, and the burden to prove that Plaintiff's copyrights are invalid. (Exhibit 11, Schwartz Depo., 177:2 – 178:6).


**Response**:   For purposes of summary judgment, admitted only in part as to the accuracy of Mr. Schwartz's testimony.  All else is disputed.  Defendants object that this statement does not consist of any material facts but rather states a legal conclusion that is not appropriate in a statement of facts under Rule 56.1.


44.     It is not possible to visit the Holy Temple in Jerusalem today because it was destroyed. (Exhibit 11, Schwartz Depo., 180:14-22.)


**Response**:   Undisputed for the purposes of summary judgment.

45.     There are no photographs showing what the Holy Temple looked like before it was destroyed. (Exhibit 11, Schwartz Depo., 180:23-181:8.)

**Response**:   Disputed.  Mr. Schwartz testified that "we don't have any photographs."

Schwartz Depo., 180:23-181:8.

46.     There are no drawings of the Holy Temple that show what it looked like that were made during the time the Holy Temple still existed in Jerusalem. (Exhibit 11, Schwartz Depo., 181:24- 182:14).

**Response**:   Disputed.  Mr. Schwartz testified that he was not aware of any drawings from anyone who drew the Temple while they were alive and the Temple still existed. Schwartz Depo., 181:24- 182:14.

47.     There are historical and scholarly writings that discuss aspects of what the Holy Temple looked like. (Exhibit 11, Schwartz Depo., 182:15-17.)

**Response**:   Undisputed for the purposes of summary judgment.

48.     As one example, a Roman historian named Josephus lived around the time the Temple was standing, and Josephus wrote about what the Temple looked like. (Exhibit 11, Schwartz Depo., 183:10-19.)

> **Response**:   Undisputed for the purposes of summary judgment.

49.   As another example, the Hebrew scholar and philosopher Maimonides also wrote about what the Holy Temple looked like. (Exhibit 11, Schwartz Depo., 183:1-9, 17-23.) Maimonides was one of the biggest writers of Jewish rules, law and literature, and he lived about the Holy Temple having been destroyed in or around 70 CE, Maimonides lived at least a thousand years after the Holy Temple had already been destroyed. (*Id*., 185:9-19.) Maimonides was not alive when the Holy Temple was still standing. (*Id*., 185:24-186:5.)

> **Response**:   Undisputed for the purposes of summary judgment.

50.   Defendants' only evidence for what the Holy Temple looked like comes from what Maimonides has described. (Exhibit 11, Schwartz Depo., 189:13-15.)

> **Response**:   Disputed.  This statement mischaracterizes Mr. Schwartz's testimony. Mr. Schwartz testified that "Maimonides clearly specified what the [Holy] Temple looked like," but not that Maimonides' description was Defendants' only form of evidence regarding the same.  Ex. 11, Schwartz Dep., 189:13-15. Additionally, Defendants identified (1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the Second Temple in Jerusalem (2017); (2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012); (3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and (4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

51.   Defendants have not produced any documents in this case that reflect the writings of Maimonides, much less that reflects Maimonides' description of any aspect of the Holy Temple, including what it looked like. (Exhibit 6, Declaration of Jacqueline

Brousseau., ¶ 22; Exhibit 11, Schwartz Depo., 189:20-23).

> **Response**:  Disputed.  Defendants identified (1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the Second Temple in Jerusalem (2017); (2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012); (3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and (4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis Hamikdash (2020). (Defendants' First Supplemental Responses to Plaintiff's Requests for Production, served April 19, 2022).

52.      On April 19, 2022, Defendants served First Supplemental Answers to Plaintiff's First Set of Requests for Production. (Exhibit 12.) Defendants' First Supplemental Answers to Request Nos. 37-44 listed the following texts in support of Defendants' Counterclaims: (1) Michael Lustig, Herod's Temple: A Useful Guide to the Structure and Ruins of the Second Temple in Jerusalem (2017); (2) Randall Price, ThM, PhD, Rose Guide to the Temple (2012); (3) David Amit, Model of Jerusalem in the Second Temple Period (1992); and (4) Yoav Elan, The Original Second Temple: An Illustrated Guide to the Layout and Design of the Pre-Herodian Beis  Hamikdash (2020). (Exhibit 12, p. 15, First Supplemental Answer to Request No. 37.)

> **Response**:  Undisputed for the purposes of summary judgment.

53.      Defendants did not produce the entirety, or any portion, of any of the four books or other textual materials listed in the preceding paragraph and referred to in their First Supplemental Answer to Request No. 37. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 22.)

> **Response**:  Disputed.  Defendants objected that the documents are in the public domain

and therefore the burden of gathering the documents is the same for Plaintiff as it is for Defendants.  As such, the identification of the material is sufficient for the purposes of production.

54.    Mr. Schwartz is not familiar with and cannot remember if he has read any the four books or other textual materials listed above and referred to in Defendants' First Supplemental Answer to Requests No. 37. (Exhibit 11, Schwartz Depo., 201:2-202:17).

    **Response**: For purposes of summary judgment, admitted only in part as to the accuracy of  Mr. Schwartz's testimony at the time of Mr. Schwartz's testimony.  All else is disputed.  Defendants object that this statement does not consist of any material facts.

55.    Mr. Schwartz does not know if those textual materials are books or articles. (Exhibit 11, Schwartz Depo., 202:18-20).

    **Response**: For purposes of summary judgment, admitted only in part as to the accuracy of Mr. Schwartz's testimony.  All else is disputed.  Defendants object that this statement does not consist of any material facts.

56.    Mr. Schwartz, as the Chazak Defendants' corporate designee, and as the person who has the most knowledge of Defendants' counterclaims, was not prepared to discuss those four books or other textual materials, and cannot point to any portions of them to explain with any specificity what it is about those texts that reflect what the Holy Temple purportedly looked like, or that otherwise support the Defendants' claims that

Plaintiff's copyrights are invalid. (Exhibit 11, Schwartz Depo., 201:2-207:10).

> **Response**: Disputed. Defendants object that this statement is improperly compound, consists of argument only and no material facts and is irrelevant. Further, the cited material does not establish that Mr. Schwartz was the person "who has the most knowledge of Defendants' counterclaims."

57.     While Defendants produced additional documents after the initial day of Mr. Schwartz' depositions, none of the documents produced by Defendants relate to what the Holy Temple looked like in real life. (Exhibit 11, Schwartz Depo., 322:8-22).

> **Response**:   Undisputed for the purposes of summary judgment.

58.     Mr. Schwartz references a YouTube video in which Mr. Kasowitz describes the JBrick Holy Temple and the features thereof. (Exhibit 11, Schwartz Depo., 323:8-324:13).

> **Response**:   Undisputed for the purposes of summary judgment.

59.     Defendants' document production does not include any YouTube video in which Mr. Kasowitz describes the JBrick Holy Temple set and the features thereof. (Exhibit 6, Declaration of Jacqueline Brousseau, ¶ 25.)

> **Response**:   Defendants object that this is not a statement of material fact.  Defendants

have no obligation to produce material already within the possession of Plaintiff. Nevertheless, it is undisputed that Defendants did not product another separate copy of the video.

## FACTS RELEVANT TO PLAINTIFF'S ALLEGED TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

60.    Mr. Schwartz was designated by Defendants to testify about, and was identified as the individual who has the most knowledge of, the damages that Defendants purportedly incurred resulting from Plaintiff's alleged tortious interference with prospective economic advantage. (Exhibit 11, Schwartz Depo., p. 14:7-16:22.)

**Response**:    Undisputed only to the extent that Mr. Schwartz was identified by Defendants as an individual with knowledge of, among other matters, the damages that Defendants incurred as a result of Plaintiff's alleged tortious interference with prospective economic advantage.  Mr. Schwartz was not identified as the individual with the "most knowledge" of any such subjects.

61.    Mr. Schwartz claimed in an email to the Beis Din that Mr. Kasowitz purportedly lied in numerous emails to Mr. Schwartz's customers and caused Mr. Schwartz "huge damages." (Exhibit 12, CHAZAK000363; Exhibit 11, Schwartz Depo., 159:20-23.)

**Response**:   Undisputed for the purposes of summary judgment.

62.    JBrick's correspondence to Defendants' customers caused those customers

to remove the products from being available for sale. (Exhibit 11, Schwartz Depo., 159:24-160:1).

      **Response**:  Undisputed for the purposes of summary judgment.

63.     However, Mr. Schwartz cannot articulate how the removal of those products caused Defendants any damages. (Exhibit 11, Schwartz Depo., 159:24-160:14).

      **Response**:  Undisputed for the purposes of summary judgment.

64.     Plaintiff's correspondence with customers did not cause Defendants' "huge damages." (Exhibit 11, Schwartz Depo., 160:15-17).

      **Response**:  Undisputed for the purposes of summary judgment.

65.     At his deposition, despite being the corporate representative for the Chazak Defendants, and the person most knowledgeable about the counterclaims in this lawsuit, Mr. Schwartz could not provide specific damages to Plaintiff on Defendants' claim for tortious interference with prospective economic advantage. (Exhibit 11, Schwartz Depo., 211:3-213:12; 216:17-218:10.

      **Response**:  Disputed.  Defendants object that this statement is improperly compound, consists of argument only and no material facts and is irrelevant.  Further, the cited material does not establish that Mr. Schwartz was the person "who has the most knowledge of Defendants' counterclaims."

66.    Defendants' business relationships with third parties were not damaged by Plaintiff's communications with them, because with the exception of the Chazak Holy Temple set, those third parties did not stop buying any products from Defendants, and all of the third parties continue to do business with Defendants. (Exhibit 11, Schwartz Depo., 219:10-220:9).

**Response**:    Disputed.    This statement mischaracterizes Mr. Schwartz's testimony. Mr. Schwartz testified that he "can't answer that way," as to how the Chazak Parties' business relationship was damaged by Plaintiff's communications with the following entities: Art Scroll; Eichler's; and a "third store," not that their business relationships were not damaged.  Exhibit 11, Schwartz Depo., 219:10-220:9.

## FACTS RELEVANT TO PLAINTIFF'S ALLEGED FALSE ADVERTISING

67.    Mr. Schwartz was designated by Defendants to testify about, and was identified as the individual who has the most knowledge of, the damages that Defendants purportedly incurred resulting from Plaintiff's alleged false advertising. (Exhibit 11, Schwartz Depo., p. 14:7-16:22.)

**Response:**    Undisputed only to the extent that Mr. Schwartz was identified by Defendants as an individual with knowledge of, among other matters, the damages that Defendants incurred as a result of Plaintiff's alleged false advertising.  Mr. Schwartz was not identified as the individual with the "most knowledge" of any such subjects.

68.     Defendants cannot specify any damages they purportedly incurred as a result of Plaintiff's alleged false advertising. (Exhibit 11, Schwartz Depo., 220:10-222:14.)

**Response:**   Undisputed for the purposes of summary judgment.

69.     Defendants have no evidence of any person purchasing a product from Plaintiff based on Plaintiff's alleged false statements, nor do they have evidence that any person decided not to purchase products from Defendants because of Plaintiff's allegedly false claim that its products were made in the U.S.A. (Exhibit 11, Schwartz Depo., 220:10-222:14.)

**Response**:   Undisputed for the purposes of summary judgment.

### DEFENDANTS' PREPARATION FOR DEPOSITION

70.     Two people who worked for Mr. Schwartz during the Chazak Defendants' development of the Chazak Holy Temple set are Mr. Gordon and Mr. Schlome Knopfler. (Exhibit 11, Schwartz Depo., 19-20.)

**Response:**   Undisputed for the purposes of summary judgment.

71.     Mr. Schwartz did not talk to Mr. Gordon or to Mr. Schlome Knopfler to prepare for his deposition. (Exhibit 11, Schwartz Depo., 213:19-214:10.) Mr. Schwartz also did not review any documents to prepare for his deposition. (Id., 214:12-14.)

**Response:**   Defendants object that this is not a statement of material fact under Rule

56. 1.

72.     The sum total of Mr. Schwartz's preparation for his deposition involved him speaking with his attorney for two to three minutes. (Id., 215:23-216:12.)

**Response:**   Defendants object that this is not a statement of material fact under Rule 56. 1.

Respectfully submitted,

September 1, 2022

*/s/* Matthew De Preter

Matthew De Preter, *Pro Hac Vice*
Maryam H. Arfeen, *Pro Hac Vice*
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Ave, Suite 1700
Chicago, IL 60611
312-755-3185
cdepreter@agdglaw.com
marfeen@agdglaw.com

Alex G. Patchen
Gina K. Kim
LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Ave., 46th Floor
New York, NY 10174
(212) 257-1630
alex.patchen@listonabramson.com
gina.kim@listonabramson.com

*Attorneys for Defendants Chazak Kinder Inc., Chazak Distribution Inc., Yaacov Schwartz, and Marav USA LLC, d/b/a Bingo Wholesale, a Delaware Limited Liability Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022 I electronically filed these Responses to Plaintiff's Rule 56.1 Statement of Undisputed Facts with the Clerk of the Court for the United States District Court for the Eastern District of New York using the CM/ECF system, which will send notification of such filings to all counsel of record.


/s/ Maryam H. Arfeen
Maryam H. Arfeen, *Pro Hac Vice*


4856-8226-0785, v. 1