UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JBRICK, LLC
                Plaintiff,
      v.

CHAZAK KINDER, INC., CHAZAK
DISTRIBUTION, INC., YAACOV
SCHWARTZ, and MARAV USA LLC.

                Defendants.

**MEMORANDUM & ORDER**
21-CV-02883 (HG) (RLM)

**HECTOR GONZALEZ,** United States District Judge:

Plaintiff JBrick, LLC ("Plaintiff" or "JBrick") brings this action against Defendants Chazak Kinder, Inc. ("Chazak Kinder"), Chazak Distribution, Inc. ("Chazak Distribution"), Marav USA, LLC ("Bingo Wholesale"), and Yaacov Schwartz (collectively, "Defendants") alleging: (i) copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq*.; (ii) unfair competition; and (iii) unjust enrichment. ECF No. 46 at 19–25. Plaintiff alleges that Defendants Chazak Kinder and Chazak Distribution, as well as former Defendant Toys 2 Discover, Inc.[1] are each an "alter ego" of Defendant Schwartz (together, "Chazak Parties"). ECF No. 46 at 2–3.

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's state law claims for unfair competition and unjust enrichment. ECF Nos. 56, 59, 60. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

## BACKGROUND

JBrick was established by Yitzchok and Channie Kasowitz in 2014. ECF No. 46 at 4. After years of "[s]tudying under a Master LEGO® builder," Mr. Kasowitz "decided to combine

---

[1] On May 27, 2022, Plaintiff and Defendants jointly filed a stipulation to dismiss Defendant Toys 2 Discover Inc. from the action without prejudice. *See* ECF No. 53.

his passion with his skills by founding JBrick" to "create[] unique, original, and customized Jewish-themed building sets using genuine LEGO® bricks." *Id.* Mr. Kasowitz's "true passion project" was the creation of a "unique, accurately scaled, genuine LEGO®-brick interpretation" of the Second Beit Hamikdash, or Second Holy Temple ("Second Holy Temple"). ECF No. 46 at 4–5.

In 2017, Mr. Kasowitz allegedly shared his rendition of the Second Holy Temple at an annual LEGO® fan convention in Chicago, Illinois. ECF No. 46 at 6. There, Mr. Kasowitz's Second Holy Temple was featured on a YouTube channel named "Beyond the Brick," in a twelve-minute video which "shows in detail each aspect of Mr. Kasowitz's creation." *Id.* At the time Plaintiff filed its Second Amended Complaint, the video had allegedly garnered over 145,000 views. *Id.*

Plaintiff JBrick has since obtained a copyright registration for both the Second Holy Temple, U.S. Copyright Registration No. VA-2-244-466, and a photo of the set, U.S. Copyright Registration No. VA-2-277-703. *See* ECF No. 46 at 8; *see also* ECF Nos. 46-1 (Certificate of Registration No. VA-2-244-466); 46-2 (Certificate of Registration No. VA-2-277-703). Plaintiff's Second Holy Temple building set is "sold to and used . . . by religious schools and camps, both Jewish and non-Jewish, to teach about the Second [Holy] Temple." ECF No. 46 at 9.

Plaintiff alleges that in November 2018, Mr. Kasowitz met Defendant Schwartz at a convention where the JBrick Second Holy Temple set was "on full display." ECF No. 46 at 14. On November 7, 2018, after the two met at the convention, Plaintiff asserts that Mr. Schwartz reached out to Mr. Kasowitz via email "requesting a meeting about a 'business opportunity.'" *Id.*; *see also* ECF No. 46-7 (Email from Mr. Schwartz to Mr. Kasowitz). Plaintiff alleges that from November 2018 through the end of that year, Mr. Kasowitz, Mr. Schwartz, and Mr.

2

Schwartz's associate, Schlome Knopfler, discussed a potential partnership with JBrick.  *Id.*  Plaintiff alleges that Defendant Schwartz used "the façade of a joint business venture" to "learn all of the key details about the production" of the Second Holy Temple set, and then "cut off all communication."  ECF No. 46 at 15.

Plaintiff further alleges that the Chazak Parties thereafter produced "almost an exact replica" of Plaintiff's Second Holy Temple set, containing "all of the unique features that set the JBrick . . . set apart from its competitors." [2]  ECF No. 46 at 13.  Plaintiff asserts the Chazak Parties' Second Holy Temple set (the "Chazak Parties' set") copies "every aspect of the *exterior* assembled structure[] . . . that provide educational opportunities," and is sold at one-sixth the price of Plaintiff's product.  ECF No. 46 at 14 (emphasis added).  Plaintiff alleges that due to the similarities, customers "are confusing" the two sets, and are unable to distinguish the "significantly higher degree of educational offerings" that the JBrick set offers.  *Id.*  For example, Plaintiff alleges that after purchasing the Chazak Parties' set, a customer "contacted JBrick to inquire as to why its set was missing several features."  *Id.*

On May 21, 2021, Defendant Chazak Kinder filed a lawsuit against Plaintiff in the United States District Court for the Northern District of Illinois seeking a declaratory judgment "that the alleged intellectual property rights asserted by [JBrick] . . . are invalid and unenforceable."  ECF No. 46-8 at 2; *Chazak Kinder Inc. v. JBrick, LLC*, No. 21-cv-00817 (N.D. Ill. Feb 2, 2021), ECF No. 1.  Plaintiff asserts that the Northern District of Illinois lawsuit was intentionally filed "pre-emptive[ly]," to "obtain [a] judgment[] of non-infringement" and that the Chazak Parties have a

---

[2]  Specifically, Plaintiff points to the following features:  "(i) a main building that is white and square, instead of the T-shape that is more commonly seen among traditional renderings; (ii) the domed building displayed completely outside of the temple walls; (iii) the lack of guard towers; (iv) a dark gray flat exterior roof instead of the traditional gold triangles; [and] (v) contrasting gray stairs that only lead to the front instead of from all sides."  ECF No. 46 ¶ 23.

3

practice of filing these types of lawsuits "against . . . individuals and companies [Mr. Schwartz] copies from." ECF No. 46 at 15. Chazak Kinder voluntarily dismissed the Illinois federal action on April 19, 2021, without prejudice. *Id.*

Plaintiff further asserts that the Chazak Parties sold "numerous infringing building sets" to Bingo Wholesale "to sell off the Chazak Parties' remaining infringing inventory" during the height of Hannukah in 2021. *Id.* Plaintiff also asserts that the Chazak Parties "used the JBrick Photograph in furtherance of the sales" of their set to Bingo Wholesale and other retailers. *Id.* According to Plaintiff, Bingo Wholesale is currently selling the infringing Chazak Parties' set for $50, which is one-twelfth the price of JBrick's set. *Id.*

On May 21, 2021, Plaintiff filed a complaint against the Chazak Parties alleging copyright infringement and unfair competition. ECF No. 1. On December 23, 2021, Plaintiff amended its complaint to add Bingo Wholesale as a Defendant. ECF No. 33. On April 25, 2022, Plaintiff filed a second amended complaint against Defendants adding a claim for unjust enrichment. ECF No. 46. On June 27, 2022, Defendants filed the instant motion looking to dismiss the state law claims of unfair competition and unjust enrichment. ECF No. 56. On July 18, 2022, Plaintiff filed its opposition. ECF No. 59. On July 29, 2022, Defendants filed their reply. ECF No. 60.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court must draw all reasonable inferences in

4

favor of the non-moving party, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim.  *Id.*  The Court must "confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

## DISCUSSION

Defendants argue that Plaintiff's unfair competition and unjust enrichment claims fail as a matter of law because they are preempted by the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq* ("Copyright Act").  Plaintiff "does not oppose the dismissal of Count V [unjust enrichment]."  ECF No. 59 at 5.  As such, the Court grants with prejudice Defendants' Motion to Dismiss with respect to that claim and limits its discussion to Plaintiff's allegation of unfair competition.

### I. Federal Copyright Law and Unfair Competition

Section 301 of the Copyright Act preempts "all legal or equitable rights" under common law or statute of any state that are "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106."  17 U.S.C. § 301(a).  Thus, "[t]he Copyright Act exclusively governs a claim when:  (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106."  *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).

The first prong—the "subject matter" requirement—is satisfied "if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one

of the categories of copyrightable works." *Id.*  As for the second prong—the "general scope" requirement—a claim seeks to vindicate equivalent legal or equitable rights when "the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." *Id.*; *see also Universal Instruments Corp. v. Micro Sys. Eng'g Inc.*, 924 F.3d 32, 48 (2d Cir. 2019).

In short, Plaintiff's state law claim is preempted if it "involve[s] acts of reproduction, adaptation, performance, distribution or display." *Briarpatch*, 373 F. 3d at 305.  However, if the state-created cause of action contains an "extra element," "instead of or in addition to the acts of reproduction, performance, distribution or display," it defeats preemption.  *Universal Instruments Corp.*, 924 F.3d at 48.  Preemption therefore turns on "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Id.* (alterations in original) (quoting *Comput. Assocs. Int'l Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).

"The essence of unfair competition under New York common law is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Jacino v. Ill. Tool Works Inc.*, No. 16-cv-1704, 2017 WL 4480752, at *5 (E.D.N.Y. Oct. 6, 2019) (citations omitted).  To recover damages for unfair competition under New York law, Plaintiff must make a showing of both actual confusion and bad faith.  *See Eyal R.D. Corp. v. Jewelex New York Ltd.*, 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011).  To survive preemption, an unfair competition claim "must be something different from copying, or the fruits of copying, or the intent or bad faith that can be inferred from the act of copying; if the harm arises from the simple fact of copying, the claim falls within the Copyright Act and is preempted." *Id.*

6

In support of its unfair competition claim, Plaintiff argues that the Defendants "have sold, and are continuing to sell, a nearly exact copy of Plaintiff's Holy Temple Set," which they developed "only after seeing [Plaintiff's] product and communicating with [Plaintiff] "regarding a potential business relationship." ECF No. 46 at 21. Plaintiff further asserts that Defendants "misappropriat[ed] [Plaintiff's] labor . . . through fraud and/or deception to sell infringing copies" and undercut Plaintiff's sales. *Id.* Finally, Plaintiff asserts that Defendants' product is "likely to cause," and has caused, confusion in the marketplace. *Id.* Plaintiff therefore argues its unfair competition claim includes the "extra elements" of misrepresentation, deception, and actual confusion. ECF No. 59 at 8. In support of their Motion to Dismiss, Defendants counter that Plaintiff's unfair competition claim is "expressly based on the allegedly 'infringing copies' of Plaintiff's Second Holy Temple" and lacks any "extra element" that would make it qualitatively different from a copyright claim. ECF No. 56 at 5–6.

Applying the test for preemption, the Court finds that Plaintiff's unfair competition claim is preempted by the Copyright Act. The "subject matter prong" is satisfied because Plaintiff's Second Holy Temple Set is a "work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Briarpatch Ltd.*, 373 F. 3d at 305; *see also* 17 U.S.C. § 102(a)(5) ("[W]orks of authorship include . . . pictorial, graphical and sculptural works."). As Plaintiff's claim satisfies the subject matter prong, the question then is whether Plaintiff's claim includes an "extra element . . . instead of or in addition to the acts of reproduction, performance, distribution, or display, in order to constitute a state-created cause of action." *Universal Instruments Corp.*, 924 F.3d at 48 (citations omitted). The Second Circuit has taken a "restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 306.

7

When applying the "extra element" test, the Second Circuit has held "that unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir. 1992). As such, courts in this circuit have regularly held misappropriation claims such as Plaintiff's to be preempted. *See, e.g., Genius Media Grp.*, No. 19-cv-7279, 2020 WL 5553639, at *14 (E.D.N.Y. Aug. 10, 2020) (holding that plaintiff's claims that the defendant "misappropriated content from [Plaintiff's] website" in an attempt to "profit from [Plaintiff's] expenditure of time, labor and talent" were "precisely the type of misappropriation claims that courts have consistently held to be preempted") (alterations in original); *Woolcott v. Baratta*, No. 13-cv-2964, 2014 WL1814130, at *10 (E.D.N.Y. May 7, 2014) (holding that plaintiff's unfair competition claim, which "simply challenge[d]" the defendant's unlawful copying, was preempted).

The basis of Plaintiff's argument is that, because the Chazak Parties' set is a "nearly exact copy" of Plaintiff's, customers are confused about the source of the product. ECF No. 46 at 21. Plaintiff has not alleged any extra element that is "qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 306. Any confusion between the sets is a result of the Defendants' alleged copying of Plaintiff's product. *See Eyal R.D. Corp.*, 784 F. Supp. 2d at 447 (holding that any "likelihood of confusion" alleged by plaintiff between plaintiff and defendant's products would have arisen from the defendant's alleged copying).

Moreover, in support of its unfair competition claim, Plaintiff further alleges that the Chazak Parties took Plaintiff's design, developed a near-identical product, and attempted to "pass it off" as their own. *See* ECF No. 46 at 21. "A claim that a defendant has reproduced the plaintiff's work and sold it under the defendant's name—even if denominated 'passing off' by

8

the plaintiff—is preempted by the Copyright Act." *Am. Movie Classics Co. v. Turner Ent. Co.*, 922 F. Supp. 926, 934 (S.D.N.Y. 1996).

Plaintiff also asserts Defendants acted with the extra elements of "fraud and/or deception" and with other "morally culpable conduct" in the process of selling his allegedly infringing product. ECF No. 46 at 21. However, "awareness or intent 'are not extra elements that make a state law claim qualitatively different from a copyright claim.'" *Wnet v. Aero, Inc.*, 871 F. Supp. 2d 281, 291 (S.D.N.Y. 2012); *see also Comput. Assocs. Int'l Inc.*, 982 F.2d at 717 ("An action will not be saved from preemption by elements such as awareness or intent, which 'alter the action's scope but not its nature.'") (citations omitted). Courts in this circuit have consistently held that deception is not an extra element which saves an unfair competition claim from preemption. *See Genius Media Grp. Inc.*, 2020 WL 5553639, at *17 (finding that deception "alter[s] the scope and not the nature of the claim," and therefore rejecting argument that deception is an extra element); *see also Woolcott*, 2014 WL 1814130, at *2 (holding that defendant's alleged obtaining of plaintiff's copyrighted floorplans through "intentional, unlawful, and deceptive conduct . . . to the unfair detriment of Plaintiff" was insufficient to avoid preemption). Plaintiff's assertion that Defendants acted through fraud and/or deception simply alters the scope, not the nature, of the unfair competition claim. Plaintiff's claim is "grounded solely in the copying of" his protected expression and is therefore preempted. *See Woolcott*, 2014 WL 1814130, at *10.[3]

---

[3] While Plaintiff also posits that "additional facts elicited during discovery" reflect the Defendants' "intentional deception of consumers," ECF No. 59 at 10, it is "well-settled that a plaintiff cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss." *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (alterations in original) (citations omitted). "[N]ew factual allegations and theories raised for the first time in opposition are not properly before the Court on a motion to dismiss." *In re Sun property Consultants, Inc.*, 629 B.R. 682, 716 (E.D.N.Y. May 17, 2021) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).

## II. Plaintiff's Request for Leave to Amend Second Amended Complaint

Plaintiff seeks leave to amend the Second Amended Complaint to include facts that support "'extra elements,' including actual confusion, intentional deception, and misrepresentation as a form of passing off." ECF No. 59 at 23. Plaintiff argues that any amendment would cause no delay or prejudice because no additional discovery is needed and leave to amend is being sought in response to Defendants' motion to dismiss and not through "any dilatory motive or bad faith." *Id.* While Plaintiff correctly notes that "leave to file an amended complaint should be granted freely . . . when justice so requires," *Id.* at 10, leave to amend nonetheless remains "within the discretion of the trial court." *Zenith Radio Corp. v Hazeltine Rsch. Inc.*, 401 U.S. 321, 330 (1971). "Motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). Plaintiff has previously been given leave to amend twice. *See* Order dated December 20, 2021; Order dated April 22, 2022. Both Plaintiff and Defendants have also filed pre-motion conference letters requesting leave to file motions for summary judgment. *See* ECF Nos. 63, 64. Accordingly, the Court declines to extend to Plaintiff another opportunity to amend in light of the possibility of undue delay given the current stage of the litigation, and the previous amendments allowed by the Court.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's state law claims of unfair competition and unjust enrichment is GRANTED.

SO ORDERED.

                                          */s/ Hector Gonzalez*
                                          HECTOR GONZALEZ
                                          United States District Judge

Dated: Brooklyn, New York
       November 23, 2022