UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JBRICK, LLC,

               Plaintiff,

    v.

CHAZAK KINDER, INC., CHAZAK
DISTRIBUTION, INC., YAACOV
SCHWARTZ, and MARAV USA LLC.

               Defendants.

**MEMORANDUM & ORDER**
21-CV-02883 (HG) (RLM)

---

**HECTOR GONZALEZ,** United States District Judge:

    Plaintiff JBrick, LLC ("Plaintiff" or "JBrick") brings this action against Defendants Chazak Kinder, Inc. ("Chazak Kinder"), Chazak Distribution, Inc. ("Chazak Distribution"), Marav USA, LLC ("Bingo Wholesale"), and Yaacov Schwartz alleging copyright infringement pursuant to 17 U.S.C. §§ 101–1511.  ECF No. 46 (Second Amended Complaint).  Plaintiff alleges that Defendants Chazak Kinder and Chazak Distribution are each an "alter ego" of Defendant Schwartz (together, "Defendants" or "Chazak Parties").  Defendants assert counterclaims against Plaintiff for non-infringement of copyright, copyright invalidity, tortious interference with prospective economic advantage, and false advertising.  ECF No. 80 at 36–42 (Defendants' Counterclaims).

    Presently before the Court is Plaintiff's motion for summary judgment on Defendants' counterclaims for copyright invalidity, tortious interference with prospective economic advantage, and false advertising.  ECF No. 81.  For the reasons set forth below, Plaintiff's motion for summary judgment is granted.

## BACKGROUND[1]

The Court assumes familiarity with the facts and history of this litigation and only provides a summary of the pertinent facts and procedural history. *See JBrick, LLC v. Chazak Kinder, Inc.*, No. 21-cv-2883, 2022 WL 17177854 (E.D.N.Y. Nov. 23, 2022).

Plaintiff alleges that JBrick was established by Yitzchok and Channie Kasowitz in 2014. ECF No. 46 at 4. Plaintiff further alleges that Mr. Kasowitz's "true passion project" was the creation of a "unique, accurately scaled, genuine LEGO®-brick interpretation" of the Second Beit Hamikdash, or Second Holy Temple ("Second Holy Temple"). ECF No. 46 at 4–5. Mr. Kasowitz testified, and Defendants admit, that JBrick created a LEGO®-brick Second Holy Temple product ("Second Holy Temple Product") based on Mr. Kasowitz's independent research and at least three years of studying historical teachings. ECF No. 72-1 at 4 (Defendants' Responses to JBrick's Statement of Facts); ECF No. 72-2 at 3 (Defendants' Statements of Facts in Opposition to JBrick's Motion for Summary Judgment) ("JBrick developed its Second Holy Temple product . . . based on . . . Mr. Kasowitz's . . . research and analysis of Jewish religious texts and scholarly interpretations of those texts"); ECF No. 84 at 5 (Defendants' Opposition to Motion for Summary Judgment). Mr. Kasowitz further testified that he consulted with various rabbis as part of the design process for the Second Holy Temple Product. ECF No. 72-1 at 4. Mr. Kasowitz also testified that the Second Holy Temple Product is a "tangible, sculptural interpretation of what . . . the [Second Holy Temple] may have looked like in real life, based on the written words and interpretation of the Hebrew scholar and philosopher Maimonides." *Id.* at 5. JBrick owns the copyright registrations for its Second Holy Temple Product, and its

---

[1]   Unless otherwise specified, the facts cited by the Court are undisputed.

photograph of its Second Holy Temple Product (the "Copyright Registrations").  ECF No. 72-1 at 3.

Plaintiff alleges that Defendants produced "almost an exact replica" of Plaintiff's Second Holy Temple Product, containing "all of the unique features that set the JBrick . . . set apart from its competitors."   ECF No. 46 at 13.  On May 21, 2021, JBrick filed a complaint asserting claims for copyright infringement and unfair competition against Defendants.  ECF No. 1.  On July 23, 2021, Defendants filed an answer along with counterclaims for non-infringement of copyright, copyright invalidity, tortious interference with prospective economic advantage, and false advertising.  ECF No. 16.  On April 25, 2022, Plaintiff filed its second amended complaint ("SAC").  ECF No. 46.  On December 22, 2022, Defendants filed an answer to Plaintiff's SAC, and asserted the same counterclaims.  ECF No. 80.  On December 23, 2022, Plaintiff filed a motion for summary judgment on Defendants' counterclaims of copyright invalidity, tortious interference with economic advantage, and false advertising.  ECF No. 81.  On January 20, 2023, Defendants filed an opposition, and Plaintiff shortly thereafter filed a reply.  ECF Nos. 84, 88.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In other words, a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).[2]  The

---

2  Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). In deciding a summary judgment motion, any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995).

## DISCUSSION

### I.     Defendants' Counterclaim for Copyright Invalidity Is Dismissed

Defendants seek a declaration pursuant to 28 U.S.C. §§ 2201–2202 that JBrick's Copyright Registrations are invalid and unenforceable. ECF No. 80 at 38. Defendants argue that Plaintiff's Second Holy Temple Product fails "to exhibit sufficient creativity or originality to be entitled to copyright protection or registration." *Id.* Plaintiff argues that it is entitled to summary judgment on Defendants' copyright invalidity counterclaim because Defendants have produced no evidence that support their allegations that Plaintiff's Second Holy Temple Product is not original. ECF No. 81 at 5–6.

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Courts may entertain declaratory judgment counterclaims in suits for intellectual property infringement where the counterclaims seek a declaration of invalidity." *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc.*, No. 19-cv-3766, 2021 WL 2534000, at *7 (S.D.N.Y. June 21, 2021).

4

Under the Copyright Act of 1976, a copyright registration creates a rebuttable presumption that the copyright is valid. *See Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997) ("A certificate of copyright registration is prima facie evidence that the copyright is valid. Moreover, possession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable."). The presumption of validity may be rebutted "where *other evidence* casts doubt on the question." *Id.* (emphasis in original). In other words, given that JBrick possesses the Copyright Registrations, the burden shifts to Defendants to come forward with "evidence that the work[s] [were] copied from the public domain." *Id.* The Court finds that Defendants have failed to meet their burden.

"Typically, when the originality of a copyrighted work is at issue, it becomes a question of fact for the jury to resolve." *King-Devick Test Inc. v. NYU Langone Hospitals*, No. 17-cv-9307, 2019 WL 78986, at *4 (S.D.N.Y. Jan. 2, 2019). However, "a court may resolve the question of originality as a matter of law at the summary-judgment stage if the evidence is such that no reasonable juror could disagree as to whether or not the work in question is sufficiently creative to warrant copyright protection." *Id.* Defendants argue that because information concerning the Second Holy Temple is in the public domain, Plaintiff's copyrighted works are not original. As a result, Defendants contend that Plaintiff's Second Holy Temple Product can be copied and used in derivative works. ECF No. 84 at 4. Defendants further argue that a "historically accurate replication does not constitute a new original work." *Id.* at 5. Plaintiff responds that: (i) there is no evidence to support that Plaintiff's depiction of the Second Holy Temple is in the public domain; (ii) there is no evidence that Plaintiff's depiction is a historically accurate replication because the Second Holy Temple was destroyed in 70 C.E. and there are no images from before the building was destroyed; and (iii) in order to create the Second Holy

Temple Product, Mr. Kasowitz read numerous "written textual descriptions and translated words into a 3D sculpture," further supporting its originality. ECF No. 88 at 2–4.

As discussed previously, the presumption of copyright validity may be rebutted "where *other evidence* casts doubt on the question." *Fonar Corp.*, 105 F.3d at 104 (emphasis in original). Both parties agree that (i) JBrick owns the Copyright Registrations, ECF No. 72-1 at 3, and that (ii) "the evidence establishes that [JBrick's] founder . . . studied historical teachings for three years to accurately depict the [Second Holy Temple] in [JBrick's] . . . replica." ECF No. 84 at 5. Defendants provide no evidence to rebut the presumption of validity of the Copyright Registrations other than arguments that "[a]ll of the [Second] Holy Temple Product's elements are derived from factual and historical research." ECF No. 84 at 5. "The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143 (2d Cir. 1998). Defendants do not provide any evidence that the work had been copied from the public domain. In fact, in response to Plaintiff's request for production of documents "that form the basis for or to support or refute the assertion . . . that the [Second Holy Temple Product] is an unoriginal rendition of the [Second] Holy Temple, or that the set would not be copyrightable because it is based on known public domain elements," Defendants identified four written texts. ECF No. 72-1 at ¶ 22. "A copyright is invalid only if the subject work shows no originality — that is, if the copyrighted work is in no way a distinguishable variation on something already in the public domain." *MMS Trading Co. Pty Ltd. v. Hutton Toys, LLC*, No. 20-cv-1360, 2021 WL 1193947, at *6 (E.D.N.Y. Mar. 29, 2021). The Court finds that no reasonable juror could disagree that Plaintiff's Second Holy Temple Product, which both parties agree is based on a

6

translation of research, analysis and interpretation of *written* Jewish religious texts into a 3D *sculpture* of a structure destroyed in 70 C.E., is sufficiently creative to warrant copyright protection.  See *King-Devick Test Inc.*, 2019 WL 78986, at *4; *see also* ECF No. 72-2 at 3. Because Defendants provide no evidence to rebut the presumption of originality, Plaintiff is therefore entitled to summary judgment on Defendants' copyright invalidity counterclaim.[3]

## II. Defendants' Counterclaim for Tortious Interference with Prospective Economic Advantage Is Dismissed

Plaintiff contends that Defendants cannot prove all of the elements of their counterclaim for tortious interference with prospective economic advantage, and therefore it is entitled to summary judgment.  ECF No. 81 at 11–12.  Defendants respond that issues of genuine material fact remain with respect to whether Plaintiff's actions damaged Defendants' business relationships with their customers.  ECF No. 84 at 10.

"Under New York law, to state a claim for tortious interference with prospective economic advantage, the plaintiff must allege that[:]  (1) it had a business relationship with a

---

[3]  Plaintiff seemingly also seeks summary judgment on Defendants' affirmative defenses of invalidity of copyright, the doctrine of merger and the doctrine of *scenes a faire.*  ECF No. 81 at 5.  Plaintiff argues that these affirmative defenses seek "to rebut [Plaintiff's] presumption of [copyright] validity."  *Id.*  In light of the dismissal of Defendants' counterclaim for copyright invalidity, the Court dismisses Defendants' affirmative defense for invalidity of copyright. However, the affirmative defenses of the doctrine of merger and the doctrine of *scenes a faire* can presumably be used to defend a copyright infringement claim and are therefore not dismissed.  ECF No. 46 ¶¶ 37–42.  "The *scenes a faire* doctrine refers to unprotectible elements that flow from a work's theme rather than from an author's creativity."  *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-cv-726, 2013 WL 4409434, at *18 n.32 (E.D.N.Y. Aug. 2, 2013).  "[I]f a work copies the original way in which the author has selected, coordinated, and arranged these unprotectable elements to such an extent that the copying work is substantially similar to the expression of ideas and total concept and overall feel of the copied work, infringement can occur."  *Williams v. A&E Television Networks*, 122 F. Supp. 3d 157, 162 (S.D.N.Y. 2015).  "The merger doctrine . . . limits what aspects of work can be protected by copyright law."  *Point 4 Data Corp.*, 2013 WL 4409434, at *18 n.31.  "[I]n the Second Circuit, the merger doctrine relates to infringement, not copyrightability."  *Int'l Code Council, Inc. v. UpCodes, Inc.*, No. 17-cv-6261, 2020 WL 2750636, at *20 (S.D.N.Y. May 27, 2020).

third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006). "Courts dismiss tortious interference claims that fail to allege any *one* of these elements." *Camelot SI, LLC v. ThreeSixty Brands Grp. LLC*, 632 F. Supp. 3d 471, 482–83 (S.D.N.Y. 2022) (emphasis added).

Defendants allege that they had business relationships with several third-party vendors and that Plaintiff interfered by emailing these vendors "claim[ing] that [their] advertising of [Chazak Kinder's] Holy Temple Model Set violated [JBrick's] intellectual property rights." ECF No. 80 at 39–40. Because of Plaintiff's email notices, these third-party vendors allegedly stopped selling Chazak Kinder's "Holy Temple Model Set" product. *Id.* Plaintiff argues that with the exception of the first element, "the record is entirely devoid of evidence demonstrating the remaining elements of tortious interference." ECF No. 81 at 10. Plaintiff contends that it did not act "solely out of malice" because as a copyright owner, it has the right to enforce its copyright against infringement. *Id.* at 10–11 ("JBrick's action of notifying those entities about their infringement was warranted, well within JBrick's rights, and justifies JBrick's act of sending these notices."). The Court finds that Defendants have failed to establish that Plaintiff "acted *solely* out of malice, or used dishonest, unfair, or improper means." *Kirch*, 449 F.3d at 400 (emphasis added).

Both parties agree that JBrick owns a copyright for its Second Holy Temple Product. ECF No. 72-1 at 3. Defendants dispute whether such work is an "original sculpture," and whether they infringed on the copyright, but admit that JBrick nevertheless owns the copyright. *Id.* Defendants allege that Plaintiff sent "copyright takedown requests" to several of Defendants' vendors, claiming that the vendors' advertising of Chazak Kinder's Holy Temple Model product

8

violated JBrick's "intellectual property rights." ECF No. 80 at 39. "As a general rule, a defendant's conduct must amount to a crime or an independent tort in order to constitute tortious interference with a prospective (non-contractual) economic advantage. . . . The wrongful means element sets a high bar." *Prepaid Ventures, Ltd. v. Paul Compton*, No. 18-cv-2102, 2022 WL 18859053, at *14 (E.D.N.Y. Dec. 21, 2022). "Seeking to protect a copyright by alerting a third party that the copyright is being infringed constitutes a justification defense" to tortious interference with prospective economic advantage. *P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*, 232 F. Supp. 2d 220, 225 (S.D.N.Y. 2002). Defendants have provided no evidence that Plaintiff alerted third parties for any reason, other than to protect its copyright. *See, e.g.,* ECF No. 84-4 (email from JBrick's counsel to third-party vendor regarding copyright infringement). Accordingly, the Court dismisses Defendants' counterclaim for tortious interference with prospective economic advantage. *P. Kaufmann*, *Inc.*, 232 F. Supp. 2d at 225 (dismissing counterclaim for tortious interference with prospective economic advantage because plaintiff's "actions in notifying the stream-of-commerce customers of the potential infringement were justified").

### III. Defendants' Counterclaim for False Advertising Is Dismissed

Defendants contend that Plaintiff is falsely advertising that its Second Holy Temple Product is "Made in the USA!" in violation of section 43(a) of the Lanham Act. ECF No. 80 at 40–41. Plaintiff argues that Defendants "have failed to produce any evidence, nor provided any testimony, demonstrating that they have been injured as a result of [Plaintiff's] alleged misrepresentation." ECF No. 81 at 13.

Section 43(a) of the Lanham Act "prohibits the use of any false or misleading description of fact in promotional statements that misrepresents the nature, characteristics, or qualities of products or services." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 56 (2d Cir. 2022);

9

*see also* 15 U.S.C. § 1125(a)(1). To state a claim under Section 43(a) of the Lanham Act, a plaintiff must plausibly allege: (i) the falsity of the challenged statement; (ii) the materiality of the misrepresentation, "i.e., that the false or misleading representation involved an inherent or material quality of the product"; (iii) "that the defendant placed the false or misleading statement in interstate commerce"; and (iv) "that the plaintiff has been injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *Int'l Code Council, Inc.*, 43 F.4th at 56. "To satisfy the injury requirement, a false advertising claimant must demonstrate injury by way of lost sales or damage to business reputation. The injury must be economic or reputational injury flowing directly from the deception wrought and such injury occurs when deception of consumers causes them to withhold trade from the plaintiff." *C.M.B. Prods., Inc. v. SRB Brooklyn, LLC*, No. 19-cv-2009, 2022 WL 2704506, at *10 (E.D.N.Y. July 12, 2022). "[W]here . . . a misleading advertisement does not make comparative claims about a direct competitor, a plaintiff must demonstrate actual injury and causation." *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 394 F. Supp. 3d 368, 374 (S.D.N.Y. 2019).

Both parties agree that "Defendants cannot specify any damages they purportedly incurred as a result of Plaintiff's alleged false advertising" that the Second Holy Temple Product was made in the United States. ECF No. 72-1 at 26. Both parties further agree that "Defendants have no evidence of any person purchasing a product from Plaintiff based on Plaintiff's alleged false statements, nor do they have evidence that any person decided not to purchase products from Defendants because of Plaintiff's allegedly false claim that its products were made in the U.S.A." *Id.* Accordingly, Defendants fail to satisfy the fourth element of their false advertising counterclaim, and it must therefore be dismissed. *See C.M.B. Prods., Inc.*, 2022 WL 2704506, at

*10 (finding that moving party was entitled to summary judgment because claimant failed to demonstrate injury); *Dependable Sales & Serv., Inc.*, 394 F. Supp. 3d at 375 (granting summary judgment and concluding that "false-advertising plaintiff who does not come forward with evidence of an injury proximately caused by defendant's advertisements does not have a statutory interest in deterring willful violations of the Lanham Act").

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment and dismisses Defendants' counterclaims for copyright invalidity, tortious interference with prospective economic advantage, and false advertising.

SO ORDERED.

                                                   */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
           September 21, 2023